# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DARREN W. REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:18-cv-00206 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY[1], ) | |
| ) | |
| Defendant. ) | |

## ORDER

On April 25, 2019, the plaintiff in this case filed a motion for attorney fees under EAJA. (Dkt. No. 19.) On June 24, 2019, the parties filed a joint stipulation for attorney fees under the Equal Access to Justice Act agreeing to the amount of attorney fees, requesting that the motion for fees (Dkt. No. 19) be withdrawn, and requesting that the plaintiff be the payee of those funds. (Dkt. No. 20.) Thus, upon consideration and for good cause shown, it is hereby ORDERED as follows:

1. Plaintiff's Equal Access to Justice Act ("EAJA") motion (Dkt. No. 19) is WITHDRAWN;

2. Plaintiff, Darren W. Reynold, is awarded attorneys' fees under the EAJA in the amount of Five Thousand dollars and Zero cents ($5,000.00). This amount represents compensation for all legal services rendered on behalf of plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

3. These attorneys' fees and costs will be paid directly to plaintiff, Darren W. Reynolds,

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

and sent to the business address of plaintiff's counsel, Amy Hansen Geddes. The parties agree, however, that full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the parties agree that the Government will reduce the awarded attorneys' fees in this order to the extent necessary to satisfy such debt(s). The amount of attorneys' fees payable to plaintiff will be the stipulated amount minus the amount of plaintiff's outstanding federal debt. If plaintiff's outstanding federal debt exceeds the amount of attorneys' fees under the stipulation, the stipulated amount will be used to offset plaintiff's federal debts and no attorneys' fees shall be paid.

4. As the parties agree, this award is without prejudice to the rights of plaintiff's counsel to seek Social Security Act fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Entered: June 28, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge